The Honorable Eric Harris State Representative Post Office Box 796 Lowell, Arkansas 72745-0796
Dear Representative Harris:
I am writing in response to your request for an opinion on the following question regarding the Arkansas Freedom of Information Act ("FOIA"):
 Can an employee's completed exit interview form be subject to public inspection and copying under the Arkansas Freedom of Information Act, Ark. Code Ann. § 25-19-101 et. seq.?
You have enclosed a blank copy of an exit interview form for my review.
RESPONSE
It is my opinion that the answer to your question is "yes," an employee's completed exit interview can be subject to inspection and copying under the FOIA, but the particular contents of an exit interview document may dictate that the document be withheld or that some information be redacted. For example, the blank form "exit interview" document you have enclosed contains two questions that may result in the creation of "employee evaluation or job performance records," which are not subject to public inspection and copying absent the existence of all the requisite factors for release of that category of records.
One of my predecessors addressed "exit interview" documents in two separate opinions. See Ops. Att'y. Gen. 99-147 and 99-119. In the latter opinion, at issue was a particular completed exit interview document, which my predecessor reviewed in making his determination. My predecessor opined that the document was properly classified as a "personnel record" for purposes of the FOIA and that: "[a]s such, the exit interview document must be disclosed under the FOIA unless its disclosure would constitute a "clearly unwarranted invasion of personal privacy. . . ." See
A.C.A. § 25-19-105(b)(12) (Supp. 2005). My predecessor concluded with regard to the exit interview document at issue therein that "nothing in the document . . . [was] personal in nature, or . . . would subject the individual in question to harm or embarrassment. . . ." The document therefore did "not fall within the exception from disclosure that is available for personnel records." Op. Att'y Gen. 99-119 at 2.
In Op. Att'y. Gen. 99-147, the same former Attorney General concluded more generally (relying on Op. Att'y. Gen. 99-119 above and without viewing any particular document), that exit interview documents are "similar in nature to letters of resignation . . . which . . . are properly classified as `personnel records'" and "[a]s such . . . the exit interview document must be disclosed under the FOIA unless . . . its disclosure would constitute a `clearly unwarranted invasion of personal privacy.'" These previous pronouncements thus categorize "exit interview" records as "personnel records," and leave open the possibility that certain information contained therein might need to be redacted if it would give rise to a "clearly unwarranted invasion of personal privacy."
Obviously, therefore, the determination as to any particular "exit interview" document would have to be made with reference to all its contents, with a view toward any necessary redactions. You have provided me with a blank form copy of the exit interview document prompting your question. It poses a series of questions, including what the employee liked most and least about working for the city and about their position; whether they were adequately compensated and given sufficient advancement opportunities; and why they are leaving city employment. Also included is a question concerning whether the employee was satisfied with the employee's working relationship with his supervisor and a seven-part question asking the employee to name and rate his immediate supervisor in seven different areas. These two last-mentioned items on the form require separate discussion. These items, when filled out by the employee, may transform the exit interview document into an "employee evaluation or job performance record" under the FOIA. "Employee evaluation/job performance records". . . are any records generated by or at the behest of the employer that detail an employee's performance or lack of performance on the job. Ops. Att'y Gen. Nos. 2002-204, citing Opinions 2001-154; 1996-132; and 1991-324. The exemption covers evaluation or job performance records created "by or at the behest of the public employer" "in the evaluation . . . process." Id. See also Ops. Att'y Gen. 2000-179; 1999-339; and 1999-283.
Opinion 2002-204 addressed an issue similar to the one presented by these two items on the exit interview document you have enclosed. That opinion involved a numerical questionnaire described as an "internal department survey conducted by [the Chief of Police] to ascertain police department employees' attitudes and feelings about their department." Id. at 1. The "survey was conducted anonymously" and the form document asked "employees to rate, on a scale from one to five, their attitudes about a number of different issues, including working environment and supervisory practices." Id. The survey form was not particular to any one supervisor, but sought anonymous answers to questions about supervision in general or about "your supervision" or "your supervisor." In addition, however, the survey form invited written comments beneath each numerical ranking and also offered the reverse side of the form for this purpose. The Chief of Police stated that "some employees used the `comments' sections to voice very derogatory and personal feelings about other employees." Id. at 2.
My predecessor concluded that the "actual completed [anonymous] survey forms, if unadorned with any written comments, are neither personnel records nor employee evaluation or job performance records for purposes of the FOIA. Such completed forms, with only the relevant numerical designations circled, are simple "public records" subject to inspection and copying under the FOIA."Id.[1]
My predecessor also concluded, however, that "[i]f . . . written comments on the survey forms indicate either by name, title or otherwise, the evaluation of individual supervisors or other personnel, in my opinion such comments transform the completed survey document into an `employee evaluation or job performance record' of that employee for purposes of the FOIA." Id., alsorelying on Op. Att'y. Gen. 2001-047. This conclusion followed from the fact that "the survey was prepared at the behest of the employer," and "may well detail that employee or supervisor's performance or lack of performance on the job." Id.
In my opinion, similarly, the inclusion of the two items regarding supervision on the exit interview form you have enclosed may, if the form is fully completed, transform the completed document into an "employee evaluation or job performance record" for purposes of the FOIA. This category of records is not subject to inspection and copying under the FOIA, unless: 1) the employee has been suspended or terminated; 2) the records formed a basis for the suspension or termination decision; 3) all administrative appeals of the decision are final; and 4) there is a compelling public interest in disclosure. A.C.A. § 25-19-105(c)(1) (Supp. 2005).
In answer to your question, therefore (whether exit interview documents "can" be subject to the FOIA), the answer is "yes," but particular contents of an exit interview document may dictate that the document be withheld or that some information be redacted, as evidenced by the form document you have enclosed.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The completed "exit interview" forms you mention, however, as well as the ones discussed by my predecessor in Ops. Att'y. Gen. 99-119 and 99-147 above, were not anonymous. Those documents pertain to and contain the name of the individual employee completing the form. This accounts for the conclusion that such "exit interview" documents are "personnel records" under the FOIA and are subject to redaction for items giving rise to a "clearly unwarranted invasion of personal privacy."